UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TERRENCE TUFFINI,

                      Plaintiff,

-against-

WARDEN CHARLES EWALD, Suffolk County
Correctional Facility, SUFFOLK COUNTY JAIL,
OFFICER JOHN DOES #1,

                      Defendants.
----------------------------------------------------------------X

ORDER
14-CV-2515(JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

On May 22, 2014, the Court dismissed the complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Specifically, plaintiff had not complied with the Court's order dated April 18, 2014, to return the required Prisoner Litigation Authorization form ("PLRA"). On June 6, 2014, the Court received a signed PLRA form, which had been executed on May 14, 2014.

I.     Relief From the May 22 Order

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health and Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). Specifically, Rule 60(b) provides that relief may be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).



Based on the record before the Court, it appears that plaintiff's failure to timely submit the PLRA form after the April 18 Order was due to inadvertence. Plaintiff signed the PLRA form on May 14, 2014. Further, as the Court noted in its May 22 Order, plaintiff apparently had been transferred from the Suffolk County Correctional Facility to Rikers' Island, which may have affected his ability to timely send the form. Under these circumstances, and in light of the fact that the delay could not have prejudiced defendants, who have not yet been served, the Court concludes that relief from the May 22 Order is appropriate and that the case should be reopened.

II. Service and Motion for Leave to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

However, the United States Marshal Service ("USMS") will not be able to effect service of the summons and complaint on the unnamed defendant without more information. The Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of such "John Doe" officers. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam). Accordingly, the Court hereby orders: (1) that the Clerk of the Court serve a copy of the complaint together with this Order on the Suffolk County Attorney; and (2) that the Suffolk County Attorney's Office attempt to ascertain the full name of the corrections officer who is alleged to have strip searched plaintiff on February 11, 2014, and provide his name and address where he can be served to the Court and to the plaintiff within thirty days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendant, a summons shall be issued as to that defendant,

and the USMS shall serve that defendant.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Clerk of the Court shall re-open this case;

IT IS FURTHER ORDERED that plaintiff's application to proceed *in forma pauperis* is granted; and it is further,

ORDERED that within thirty (30) days of the date that this Order is served upon it, the Suffolk County Attorney's office shall attempt to ascertain the identities of the unidentified officer and provide that information, together with the address at which the employee can be served, to the Court and to the plaintiff; and it is further

ORDERED that once the information regarding the identity and address of the defendant is provided to the Court by the Suffolk County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the unidentified defendant, a summons shall be issued as to that defendant and the USMS shall serve the summon and complaint, together with a copy of this Order, upon that defendant without prepayment of the filing fee; and it is further

ORDERED that the Clerk of Court must forward to the United States Marshal Service for the Eastern District of New York copies of plaintiff's summons, complaint and Order for service upon the named defendants without prepayment of fees.

SO ORDERED.

S/Joseph F. Bianco
JOSEPH F. BIANCO
United States District Judge

Dated: June 13, 2014
Central Islip, New York